█ In the Matter of the Claim of MAFALDA G. CONNORS, Appellant, v. SECON SECURITY, INC., et al., Respondents. WORKMEN'S COMPENSATION BOARD, Respondent.— REYNOLDS, J. Appeal by the claimant from a decision of the Workmen's Compensation Board denying claimant an award of death benefits on the grounds that decedent did not sustain an accidental injury arising out of and in the course of employment. On October 17, 1962 decedent, a 50-year-old private investigator, confronted a supermarket manager with proof of embezzlement of cash receipts from his store. An " argument " then ensued off and on for about 20 minutes between decedent and the manager. Decedent suddenly left the cubicle and his companion next saw him leaning against a wall. His appearance was ashen and he complained of severe chest pains. His companion rushed him to a hospital but he died shortly after arrival. The death certificate listed coronary occlusion as the cause of death. The board concluded that the argument immediately preceding the heart attack " did not involve greater emotional strain or tension than that to which all workers are occasionally subjected ". Claimant asserts that the work here involved was so unusual as to require a finding of " accident " as a matter of law in that it was the first time that decedent in his short period as an investigator was required to actually confront an accused; that a satisfactory completion of the case was very important to the success of the decedent's private investigation venture and that the argument itself was extremely intense. We cannot agree. We find nothing more than the usual factual disputes presented. As we stated in *Matter of Wilson* v. *Tippetts-Abbott-McCarthy Stratton* (22 A D 2d 720–721): " It has been held in one line of cases that the board is justified in finding an accident where there is evidence of an aggravated and prolonged situation of emotional tension (*Matter of Klimas* v. *Trans Caribbean Airways*, 10 N Y 2d 209). On the

other hand, awards have been reversed where the argument at issue, from the common-sense viewpoint of the average man, 'would be regarded as neither involving nor inducing emotional strain or tension greater than the countless differences and irritations to which all workers are occasionally subjected without untoward result.' (*Matter of Santacroce* v. *40 W. 20th St.*, 9 A D 2d 985, affd. 10 N Y 2d 855; *Matter of Cramer* v. *Barney's Clothing Store*, 15 A D 2d 329, affd. 13 N Y 2d 711; *Matter of Gordon* v. *Temple Beth El of Great Neck*, 18 A D 2d 855, affd. 14 N Y 2d 742; *Matter of Zygler* v. *Tenzer Coat Co.*, 19 A D 2d 660.) Within these guidelines it remains for the board in its capacity as the arbiter of factual issues to decide if a given incident constitutes an accident within the meaning of the Workmen's Compensation Law, and its determination, if supported by substantial evidence must be sustained (Workmen's Compensation Law, § 23; *Matter of Unterberg* v. *New York State Dept. of Labor*, 19 A D 2d 668). We cannot say on the present record that the board could not find that 'the argument described by the claimant did not involve greater emotional strain or tension than that to which all workers are occasionally subjected.'" Decision affirmed, without costs. Gibson, P. J., Herlihy, Taylor and Hamm, JJ., concur.